# In the United States Court of Federal Claims
No. 14-841C
(Filed: March 7, 2018)

* * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| **AMPERSAND CHOWCHILLA BIOMASS, LLC, and MERCED POWER, LLC,** | * * * * * | Motion to Compel; Expert Invoices; Privilege; <u>In Camera</u> Review; 26 U.S.C. § 6103(h)(2); 26 C.F.R. § 301.9000-3(a). |
| Plaintiffs, | * * |  |
| v. | * * |  |
| **THE UNITED STATES,** | * * |  |
| Defendant. | * * |  |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Stephen G. Leatham</u>, Heurlin, Potter, Jahn, Leatham, Hotlmann & Stoker, P.S., 211 E. McLoughlin Blvd., Suite 100, Vancouver, Washington 98663 for Plaintiffs.

<u>Richard E. Zuckerman</u>, <u>David I. Pincus</u>, <u>G. Robson Stewart</u>, <u>Courtney M. Hutson</u>, <u>Margaret E. Sheer</u>, and <u>Katherine R. Powers</u>, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, P.O. Box 26, Ben Franklin Station, Washington, D.C. 20044, for Defendant.

___

**ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL IN PART**

___

**WILLIAMS**, Judge.

On January 29, 2018, Plaintiffs filed a motion to compel Defendant to produce three categories of documents: (1) billing records of Defendant's expert witness, Todd Filsinger; (2) communications between the facilities' prior owner, Ampersand California Biomass Fund I ("CalBio"), and Defendant relating to CalBio's authorization for the Internal Revenue Service ("IRS") to release tax returns to Defendant; and (3) communications between the Department of Justice ("DOJ") and the IRS that led the IRS to release tax returns relating to Akeida Environmental Fund LP and Akeida Environmental Master Fund Ltd. (collectively "Akeida") to DOJ.[1]

___

[1] Plaintiffs requested a fourth category of documents in their motion to compel but withdrew that request in their Reply. Reply 1 n.1.

**Billing Records of Defendant's Expert**

Plaintiffs seek to compel Defendant to produce the billing records of Defendant's expert, Mr. Filsinger, but Defendant contends that the request was untimely as it was served after the February 24, 2017 close of expert discovery. Plaintiffs assert that they orally requested Mr. Filsinger's billing records on February 23, 2017, and they reiterated that request by email on March 2, 2017. Pls.' Mot. Ex. 1, at 1; Leatham Decl. ¶ 2 (Feb. 22, 2018). Defendant disputes Plaintiffs' statement that they requested Mr. Filsinger's billing records on February 23, 2017, and argues instead that Plaintiffs requested the billing records on March 2, 2017, a week after the initial close of expert discovery.[2] Additionally, Defendant contends that Mr. Filsinger's billing records and communications between Defendant and the IRS are privileged.

First, the Court accepts Mr. Leatham's sworn declaration that Plaintiffs requested Mr. Filsinger's billing records on February 23, 2017, before the close of expert discovery. Plaintiffs' request was timely. Second, while Mr. Filsinger's billing records may contain some privileged information, these records are not per se privileged and cannot be subject to a blanket shield from discovery. See Davita Healthcare Partners, Inc. v. United States, 128 Fed. Cl. 584, 592-93 (2016) (denying motion to compel production of unredacted invoices, recognizing that certain detailed information in an expert's invoices may reveal protected information). In a similar vein, Rule 26(b)(4)(C)(i) provides that communications between counsel and his expert regarding compensation are not privileged. If Defendant contends that the records contain privileged information, it should redact such privileged information or submit sample records for in camera review. Plaintiffs' motion to compel Defendant to produce Mr. Filsinger's billing records is **GRANTED**.

**Communications Between Defendant and CalBio**

Plaintiffs also seek to compel Defendant to produce "communications between defense counsel and CalBio and/or CalBio's counsel that led to CalBio" authorizing the IRS to release CalBio's federal tax returns for 2008-2010, to DOJ. Pls.' Mot 2. Defendant argues that Plaintiffs never sought such communications until August 1, 2017, well after discovery closed. Plaintiffs respond that they had sought such information in a timely fashion through Request No. 4 of their Third Request for Production.

Request No. 4 was not framed in the manner Plaintiffs contend. Rather, Request No. 4 sought "all documents executed by [CalBio] and/or its representatives to facilitate the release of that entity's tax returns, including agreements, stipulations, or releases." Pls.' Mot. 2 (alteration in original). Plaintiffs' request did not seek "communications." Plaintiffs acknowledge that Defendant produced a letter executed by CalBio authorizing the IRS to disclose CalBio's federal tax returns to DOJ, the sole document Defendant identified as responsive to Plaintiffs' request. Id.; Def.'s Opp'n 18. Because Plaintiffs did not request "communications" regarding CalBio's authorization for the IRS to disclose CalBio's tax returns to DOJ in Request No. 4 and belatedly

---

[2] Pursuant to the Court's November 28, 2016 scheduling order, expert discovery closed on February 24, 2017. Subsequently, due to Plaintiffs' retention of a new expert, the Court permitted additional expert discovery by order dated December 18, 2017, with such limited additional expert discovery closing on March 16, 2018.

sought this information after the close of discovery, Plaintiffs' request was untimely. Plaintiffs' motion to compel Defendant to produce the subject communications between CalBio and "defense counsel" is **DENIED**.

### Communications Between DOJ and the IRS

Finally, Plaintiffs seek to compel Defendant to produce communications between DOJ and the IRS "that led to the IRS releasing Akeida's tax returns to defense counsel." Pls.' Mot. 3. Defendant contends that on March 10, 2017, the Court denied Plaintiffs' request that Defendant produce communications between DOJ and the IRS.

The Court has not squarely addressed this issue previously. Defendant obtained the tax returns at issue from the IRS in early 2017, and moved this Court on March 1, 2017, to vacate the protective order the Court had entered on November 29, 2016, which had provided Defendant with limited access to those tax returns. Plaintiffs, in their opposition to Defendant's motion to vacate, demanded that Defendant produce the communications between DOJ and the IRS that resulted in the IRS releasing the returns to DOJ. The Court conducted a telephonic hearing regarding Defendant's motion to vacate on March 10, 2017. During this hearing, Plaintiffs represented that their "issue" was "not primarily what was told to the IRS to get the returns," but rather, that they believed permitting DOJ to obtain the tax returns directly from the IRS would be "an end run on [the Court's] protective order." Tr. 44.

The November 29, 2016 protective order did not prohibit the IRS from producing Akeida's tax returns to DOJ. Rather, the order permitted Plaintiffs to produce Akeida Environmental Partners, LP's tax returns for 2011-2015, with schedule K-1s removed and permitted Plaintiffs to redact names and other identifying information of its partners and any distribution amounts. The protective order also prevented DOJ from disclosing the returns except to certain of Defendant's employees, support personnel, experts, consultants, and investigators assisting Defendant in the instant litigation. Defendant has not violated that order. The Court determined that Defendant had been abiding by the protective order noting that there are different channels besides litigation discovery tools for production of information between Government components. Id. at 45. However, the Court did not previously reach the issue of whether Defendant was required to produce the requested communications between DOJ and the IRS, and addresses that dispute now.

Plaintiffs have not demonstrated why such communications could be relevant to this case. Plaintiffs assert that "[o]btaining an opposing party's own tax returns from the IRS for a matter other than a tax refund suit" is a "rare event[]," and the communications relating to the IRS's release of Akeida's tax returns "may well [] shed light on the credibility of various witnesses defendant intends to use at trial." Pls.' Mot. 4-5. This is the extent of Plaintiffs' effort to establish relevance. Plaintiffs have not identified such potential witnesses or explained why the credibility of these witnesses might be impacted by the IRS' production of the returns to DOJ. If, during the course of these proceedings Plaintiffs believe Defendant is attempting to misuse Akeida's tax returns, Plaintiffs can raise this matter with the Court and seek redress.

As a separate ground for their motion, Plaintiffs argue that the Internal Revenue Code "specifically limits when the IRS may release tax returns to the Department of Justice," and posits

that "scrutiny is warranted" because "this is not a case involving tax liability." Pls.' Reply 3. Specifically, Plaintiffs cite 26 U.S.C. § 6103(h)(2), which provides:

> In a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if --
>
> **(A)** the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;
>
> **(B)** the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation; or
>
> **(C)** such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.

Here, Plaintiffs have not established a violation of § 6103(h)(2) as subsection C authorizes the disclosure of the returns as they "may relate to a transactional relationship" between Akeida and Plaintiffs, and may affect resolution of the issue of Plaintiffs' entitlement to the monies they seek in this case.

      Plaintiffs also cite 26 C.F.R. § 301.9000-3(a), which except in certain enumerated circumstances, prohibits the IRS from releasing IRS records without a "testimony authorization."[3] Plaintiffs posit that such testimony authorization "would set forth any scope or limitations on the disclosure of" Akeida's tax returns. Pls.' Reply 4. Plaintiffs do not suggest that the IRS failed to comply with this requirement. According to Plaintiffs, "[t]he fact that federal law places so many restrictions on the disclosure of IRS documents demonstrates just how unusual it is for the IRS to provide IRS records in a case in which the IRS is not involved and that does not involve a tax refund or tax liability." Id. The fact that there may be restrictions on disclosure does not open the door for an ancillary litigation concerning the communications regarding the IRS' release to DOJ of documents that were already subject to production in this case.

      Because Plaintiffs did not demonstrate that the communications are relevant to any party's claim or defense, or that the IRS violated a statute or regulation by disclosing Akeida's returns to

---

[3] "A testimony authorization is a written instruction or oral instruction memorialized in writing within a reasonable period by an authorizing official that sets forth the scope of and limitations on proposed testimony and/or disclosure of IRS records or information issued in response to a request or demand for IRS records or information." 26 C.F.R. § 301.9000-1(i).

DOJ, Plaintiffs' motion to compel Defendant to produce communications between the IRS and Defendant is **DENIED.**

## Conclusion

Plaintiffs' motion to compel is **GRANTED IN PART** insofar as Plaintiffs seek billing records of Mr. Filsinger. Defendant shall produce redacted versions of such records or submit a sample for in camera review by **March 20, 2018**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**